Harriette A. Ingraham et al., Executors and Trustees, Appellees, v. John W. Mariner and Lucinda W. Mariner, Executors, and J. Platt Underwood, Appellants.

Gen. No. 21,389.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. LOCK-WOOD HONORE, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1915.   Affirmed.   Opinion filed July 20, 1916.

## Statement of the Case.

Bill for an accounting by Harriette A. Ingraham, Henry V. Freeman and John F. Gilchrist, executors and trustees under the will of Granville S. Ingraham, deceased, complainants, against John W. and Lucinda W. Mariner, executors of the estate of Ephraim Mariner, deceased, and J. Platt Underwood, defendants. From a decree stating an account between the parties and making final disposition of the assets of their joint venture, defendants appeal.

As this case has been reviewed on several previous occasions, it is unnecessary to reiterate in detail the facts which are set forth in the following former opinions in the case: *Ingraham v. Mariner*, 194 Ill. 269; *Mariner v. Ingraham*, 127 Ill. App. 542, 550; 230 Ill. 130; 255 Ill. 108, aff'g 165 Ill. App. 200.

It was contended by defendants that under the contract of January 2, 1889, upon a sale of the property, interest on the $70,000 invested by plaintiffs' decedent in the joint enterprise should be included only for the purpose of determining the profits accruing therefrom, but that in the event of a loss, this interest item should be excluded; that as the decree of the chancellor included said interest item in determining the amount of the loss, it was erroneous in this respect.

The agreement of January 2, 1889, provided, in part, as follows:

"The said A. J. Cooper, of the 2nd part, being desirous of taking an interest in said land, agrees to make a loan of $30,000 (Thirty Thousand Dollars) at his own expense; also agrees to pay interest on said loan, and 6% on balance of Capital Stock to the said Granville S. Ingraham; the 6% on the balance is not required to be paid until the sale of said land; then that amount to be added to the Capital Stock.

\*    \*    \*    \*    \*    \*    \*    \*

"The said Ingraham of the 1st part agrees to give to said Cooper of the 2nd part, half of the profits, after adding all expenses and interest to the $1,000 (one thousand dollars) per acre of said land."

The aforesaid contention of defendants was based upon the language of the contract hereinabove quoted, viewed in the light of the foregoing decisions in the case.

It was urged, by way of cross-error, that interest, from the date of sale, should have been allowed upon the principal amount of $48,971.09 found due from defendants to complainants. The contention of complainants was predicated upon section 2, ch. 74, Rev. St. (J. & A. ¶ 6691.)

LINES, SPOONER, ELLIS & QUARLES and SCOTT, BANCROFT & STEPHENS, for appellants.

WILLIAM K. OTIS, for appellees.

MR. JUSTICE McDONALD delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 201*—*when interest to be included in determining profits.* Where the language of a contract expressly provides that a certain interest item therein shall be included for the purpose of determining profits in the absence of any special provision

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

for the determination of losses, it must be held that the same basis of computation was intended to apply to the losses.

McGOORTY, J., dissenting.

2. CONTRACTS, § 201*—*how losses to be determined.* Loss is the antithesis of profit, and both are determined in the same manner unless otherwise provided in the contract.

3. COURTS, § 153*—*what effect given to dictum on subsequent appeal.* Though the statement of the Supreme Court on a former appeal as to a question not then before the court may be regarded as *dictum,* it will, nevertheless, on a subsequent appeal be taken by the Appellate Court as indicating the view of the Supreme Court on a point at that time, especially when not inconsistent with anything heretofore said in the case.

4. PARTNERSHIP, § 89*—*when advances by partners a firm obligation.* Advances by partners which cannot be repaid by reason of a deficiency in the assets are to be treated as a debt of the firm.

5. INTEREST, § 5*—*when interest not allowed on advances not repaid to partner.* Hurd's Rev. St., ch. 74, sec. 2 (J. & A. ¶ 6691), does not warrant the allowance of interest on an amount decreed to be due a partner for unpaid advances to the firm, the relationship of debtor and creditor not existing between such partners and the partner in whose favor the amount is decreed.